**UNITED STATES DI**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ronald Deshuk,** | ) | **CASE NO. 1:16 CV 2372** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **G4 Secure Solutions,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim (Doc. 18). This is an employment discrimination case. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Count one is dismissed to the extent it asserts a claim for retaliation. All other claims remain pending.

### FACTS

Plaintiff Ronald Deshuk brings this action against defendant G4S Secure Solutions alleging wrongdoing in connection with a change in his employment schedule.

For purposes of ruling on the motion, the facts alleged in the Amended Complaint are

presumed true.  Plaintiff has worked as a security guard for defendant for approximately six years.  Defendant's workers work in three shifts.  The first shift consists primarily of "younger females," while the second and third shifts consist primarily of workers who are "older males."  At a meeting held in July of 2014, plaintiff and other employees complained to management that the female security guards working the first shift were receiving better treatment than the workers assigned to the second and third shifts.  According to the complaint, the site manager expressed displeasure "about the meeting and those who attended."  Later that month, defendant changed the work schedules of the second and third shifts only.  The new schedule eliminated "off weekends," and replaced them with days off during the week.

Thereafter, plaintiff filed a written charge with the Equal Employment Opportunity Commission ("EEOC").  In his charge, plaintiff indicated that the discrimination is based on "sex" and "age."  Plaintiff did not check the box for "retaliation."  The charge further provides:

> I have worked at the Republic Steel location in Lorain for over 6 years. On 07/23/2014 the schedules were changed for 2nd and 3rd shift only. 1st shift did not change at all. lst shift is comprised of all female employees with the exception of the site manager, Dan Laska (male, 30's). I contacted Teddy Reed about my concerns with the scheduling and asked if Ron Cerny (male, age unknown), Area Supervisor and Peter Lucic (male, age unknown), General Manager could call me back. I was never contacted.
>
> It is my belief that Dan has issues working with older employees due to the fact that Dan constantly makes negative comments about the older workers. In the past two months we have had two older security guards forced out of the job, Denver Casto and Al Conger.

Plaintiff received a Notice of Right to Sue Letter from the EEOC and, thereafter, filed this lawsuit.  The complaint contains two causes of action.  The first cause appears to allege federal claims of sex discrimination, age discrimination, and retaliation.  The second cause of action appears to assert similar claims under state law.  Plaintiff further alleges in paragraph two of the complaint that this is a proceeding for a "declaratory judgment" and "preliminary and

permanent injunction." In his "wherefore" clause, plaintiff further seeks damages.

Defendant moves to dismiss the complaint and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

## **ANALYSIS**

A. Federal claims

    1. Retaliation

Defendant argues that plaintiff's claim for retaliation fails to state a claim because plaintiff did not present the claim to the EEOC. As such, plaintiff failed to exhaust his administrative remedies. In response, plaintiff argues that the wording of the charge is broad enough to encompass the retaliation claim. Upon review, the Court finds that it lacks jurisdiction over plaintiff's retaliation claim.

> It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge. Generally, retaliation claims based on conduct that occurs after the filing of the EEOC charge can be reasonably expected to grow out of the charge. However, retaliation claims based on conduct that occurred before the filing of the EEOC charge must be included in that charge.

*Strouss v. Michigan Dept. Of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001)(citations and quotations omitted).

Here, the EEOC charge filed by plaintiff indicates that the discrimination began and ended on July 23, 2014, which appears to correspond to the date defendant implemented the scheduling change. *See*, Compl. ¶¶5-6 (alleging that meeting at which plaintiff complained of discrimination occurred in "early July," while schedule change was implemented in "latter part

of July").  The EEOC charge checks off the "sex" and "age" boxes, but does not check off the "retaliation" box.

There is nothing on the face of the document that would suggest that plaintiff included allegations of retaliation in his charge to the EEOC.  Because the alleged retaliation arose before plaintiff filed the charge, the Court lacks jurisdiction over plaintiff's claim for retaliation because the charge does not assert retaliation, nor would a claim for retaliation be reasonably expected to grow out of the allegations contained in the charge.  As such, plaintiff's claim for retaliation is dismissed.[1]

2. Age and sex discrimination

Defendant argues that plaintiff's claims for sex and age discrimination fail because plaintiff does not allege adverse action.  Plaintiff alleges only that his days off changed and, according to defendant, this is insufficient to support a claim of discrimination.

Upon review, the Court rejects defendant's argument.  An adverse employment action is "a materially adverse change in the terms of ... employment." *Kocsis v. Multi-Care Mgt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). It must be more than a  "mere inconvenience or an alteration of job responsibilities." *Id.* at 886 (citing *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). "It may be indicated by termination, demotion through a decrease in wage or salary, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Stone v. Board of Directors of Tennessee*

---

[1] In his brief in opposition to defendant's motion to dismiss, plaintiff argues that documents contained in the EEOC's file show that the EEOC's investigation "did lead to the issue of retaliation."  The Court rejects plaintiff's argument for the reason that it constitutes unsupported attorney argument.

*Valley Auth.*, 35 Fed. App'x 193, 199 (6th Cir. 2002). On the other hand, the Sixth Circuit has also held that:

> Reassignments and position transfers can qualify as adverse employment actions, particularly where they are accompanied by salary or work hour changes. And even if a reassignment is not paired with a salary or work-hour change, it can nonetheless be considered an adverse employment action where there is evidence that the employee received a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Spees v. James Marine, Inc.*, 617 F.3d 380 (6th Cir. 2010)(citations and quotations omitted)(An "inconvenience resulting from a less favorable schedule can render an employment action 'adverse' even if the employee's responsibilities and wages are left unchanged.")

At this early stage of the litigation and without the benefit of discovery, the Court cannot say with certainty that the schedule change alleged in the complaint does not, as a matter of law, constitute an adverse employment action. Defendant's only argument is that schedule changes are not sufficient to meet this element. Based on *Spees*, the Court cannot say that schedule changes can *never* constitute an adverse employment action. As such, defendant's motion to dismiss based on this argument is denied.

For the same reasons, the Court rejects defendant's argument that plaintiff fails to sufficiently allege that he was qualified for the job or that similarly situated employees were treated differently. As an initial matter, the Court agrees with plaintiff that at this stage in the litigation, it can be inferred from the complaint that plaintiff is qualified to work as a security guard. Plaintiff alleges that his schedule changed. There are no allegations that he was terminated or otherwise reprimanded for poor job performance. With regard to "similarly situated employees," the Court finds that at this stage, the complaint is sufficient to put defendant on notice of the claims. Plaintiff expressly alleges that defendant changed the

schedule only for second and third-shift workers and that those shifts are comprised of primarily older male workers.  On the other hand, defendant did not change the schedule for first-shift workers.  That shift is comprised primarily of younger female workers.  The Court finds that these allegations are sufficient for pleading purposes.

       3. Injunctive and declaratory relief

Defendant argues that the complaint does not contain allegations sufficient to establish entitlement to declaratory or injunctive relief.  By way of example, defendant argues that plaintiff fails to identify a "case or controversy" necessary to obtain declaratory relief.  Nor does the complaint contain allegations directed at the elements of a preliminary injunction.  As set forth above, plaintiff has stated claims for employment discrimination.  As such, the Court will not strike plaintiff's request for declaratory and injunctive relief as it relates to those claims.

B.  State law claims

Defendant does not separately seek dismissal of the claims plaintiff asserted under state law. Accordingly, those claims remain pending.[2]

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss Amended Complaint for Failure to State a Claim is GRANTED in PART and DENIED in PART.  Count one is dismissed to the extent it asserts a claim for retaliation.  All other claims remain pending.

---

[2]    At the end of his brief in opposition to the motion to dismiss, plaintiff requests an extension of the discovery cutoff on the grounds that discovery cannot commence prior to the filing of an answer.  Plaintiff is incorrect and the Court will not extend the discovery cutoff on that basis.

IT IS SO ORDERED.

                                 /s/ Patricia A. Gaughan
                                 PATRICIA A. GAUGHAN
Dated: 3/8/17                United States District Judge